# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOTO TECH, LLC, an Idaho limited liability company,<br><br>         Plaintiff,<br><br>      v.<br><br>KTM NORTH AMERICA, INC., an Ohio corporation,<br><br>         Defendant. | Case No. 1:13-cv-00165-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court are the following motions: (1) Defendant KTM North American, Inc's Motion to Compel Arbitration and for Stay of Proceedings Pending Arbitration (Dkt. 42); and (2) Plaintiff Moto Tech, LLC's Motion for Leave to Conduct Limited Discovery (Dkt. 43). The motion is fully briefed and at issue, and the Court has determined that oral argument would not significantly assist the decisional process. Accordingly, the Court will resolve the motion without a hearing. Having thoroughly considered the pleadings, the Court will deny the motion to compel arbitration at this point in the proceedings.

**MEMORANDUM DECISION AND ORDER - 1**

# LEGAL STANDARD

A party aggrieved by another's failure to submit a dispute to arbitration instead of proceeding in court may petition the court for an order compelling the parties to submit to arbitration. 9 U.S.C. § 4. There is a "liberal federal policy favoring arbitration," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Any doubts about the scope of arbitrable issues are to be resolved in favor of arbitration, *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985), and the party seeking to avoid arbitration has the burden of establishing that Congress intended to preclude arbitration, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000).

An arbitration petition need only assert: "(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) [the opposing party's] failure, neglect, or refusal . . . to arbitrate the dispute." *Whiteside v. Telltech Corp.*, 940 F. 2d 99, 102 (4th Cir. 1991).

# ANALYSIS

KTM contends Moto Tech raised in its opposition to KTM's motion to dismiss the Second Amended Complaint – for the very first time – the theory that Moto Tech's standing to pursue a claim under the Idaho Consumer Protection Act is based on an oral

modification to an existing written agreement between the two parties – the Husaberg Dealership Agreement. This agreement contains an arbitration clause mandating that all disputes arising from the agreement must be arbitrated. Therefore, KTM argues, the Court should order this dispute to arbitration in the parties' chosen forum (i.e., Lorain County, Ohio) and stay all proceedings until the arbitration concludes.

There is no doubt that Moto Tech suggested in its opposition to KTM's second motion to dismiss, as an alternative theory, that it had standing to pursue its claim under the ICPA because Moto Tech and KTM had agreed to orally modify the existing Husaberg Dealership Agreement. For example, Moto Tech argued, "If this were a summary judgment motion, Moto Tech would argue that a jury could reasonably conclude that KTM and Moto Tech orally agreed to modify or add an additional product line to the existing contractual relationship." *Response to KTM's Motion to Dismiss the SAC*, Dkt. 37, at 2. At another point in their opposition, Moto Tech again suggested that it had pleaded an oral modification to the Husaberg Dealership Agreement: "There is no legal reason KTM and Moto Tech could not orally negotiate to add another product line to the existing contract. They had a contractual relationship and not only is that "plausibly" pled in the SAC, KTM does not contend otherwise." *Id.* at 3.

Now, however, Moto Tech says it never alleged an oral modification to the Husaberg Dealership Agreement in the Second Amended Complaint: "But Moto Tech never alleged this oral modification theory in its Complaint." *Response to Motion to Compel Arbitration*, Dkt. 44 at 4.

**MEMORANDUM DECISION AND ORDER - 3**

Given these two contradictory statements, the Court does not know what to think – did Moto Tech intend to plead an oral modification theory, or didn't it? The Court, however, will take Moto Tech at its most recent word: it has not and does not intend to plead an oral modification theory. Because the stand-alone-contract theory the Court allowed to proceed in its most recent Memorandum Decision and Order denying in part KTM's motion to dismiss the Second Amended Complaint (Dkt. 40) does not involve the Husaberg Dealership Agreement, the Court will deny KTM's motion to compel arbitration based on the arbitration clause contained in that agreement.

In giving credence to Moto Tech's most recent statements regarding its wish to purse an oral-modification theory, the Court notes that it expressly refused to consider this theory in deciding KTM's motion to dismiss the Second Amended Complaint: "Given the above rulings, the Court will not address various alternative arguments MotoTech advanced relating to contractual privity, [including the theory that the parties agreed to orally modify the Husaberg Dealership Agreement]." *Memorandum Decision and Order entered on Sept. 24, 2014*, p. 15, Dkt. 40. Thus, the Court finds Moto Tech is not judicially estopped from changing its position because it did not gain any advantage from advancing that theory. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (noting that "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position" when deciding to invoke judicial estoppel).

If, however, the Court somehow misconstrued Moto Tech's most recent statement that "Moto Tech never alleged this oral modification theory in its Complaint," and Moto

MEMORANDUM DECISION AND ORDER - 4

Tech actually does intend to pursue an oral modification theory based on the Husaberg Dealership Agreement, the Court will reconsider its decision denying the motion to compel arbitration and likely will order the parties to arbitrate. Moto Tech cannot say it is pursuing an oral modification theory when it suits them and then deny it when it does not. It must choose. *New Hampshire*, 532 U.S. at 749 (describing doctrine of judicial estoppel). So either the case proceeds in this Court, and Moto Tech is foreclosed from arguing that the parties orally modified the Husaberg Dealership Agreement; or Moto Tech may pursue this theory, and the Court will likely send the matter to arbitration.

## ORDER

IT IS ORDERED that:

1. Defendant KTM North American, Inc.'s Motion to Compel Arbitration and for Stay of Proceedings Pending Arbitration (Dkt. 42) is DENIED. If, however, Moto Tech chooses to pursue a theory that the parties orally modified the existing Husaberg Dealership Agreement, the Court will reconsider this decision.

2. Plaintiff Moto Tech, LLC's Motion for Leave to Conduct Limited Discovery (Dkt. 43) is MOOT.

DATED: February 17, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court